Fill in this information to identify the case:

United States Bankruptcy Court for the:

_____ District of __Delaware__
               (State)

Case number (if known): _____ Chapter 15

❑ Check if this is an amended filing

## Official Form 401

# Chapter 15 Petition for Recognition of a Foreign Proceeding    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write debtor's name and case number (if known).

**1. Debtor's name**

Primus Telecommunications Canada, Inc.

**2. Debtor's unique identifier**

For non-individual debtors:

❑ Federal Employer Identification Number (EIN) ___ ___ – ___ ___ ___ ___ ___ ___ ___

☒ Other 89139 5618 . Describe identifier Canadian Business Number .

For individual debtors:

❑ Social Security number: xxx – xx– ___ ___ ___ ___

❑ Individual Taxpayer Identification number (ITIN): 9 xx – xx – ___ ___ ___ ___

❑ Other_____. Describe identifier _____.

**3. Name of foreign representative(s)**

FTI Consulting Canada Inc. in its capacity as Monitor of Primus Telecommunications Canada Inc. by Nigel D. Meakin, Senior Managing Director

**4. Foreign proceeding in which appointment of the foreign representative(s) occurred**

_____

**5. Nature of the foreign proceeding**

Check one:

❑ Foreign main proceeding
❑ Foreign nonmain proceeding
☒ Foreign main proceeding, or in the alternative foreign nonmain proceeding

**6. Evidence of the foreign proceeding**

☒ A certified copy, translated into English, of the decision commencing the foreign proceeding and appointing the foreign representative is attached.

❑ A certificate, translated into English, from the foreign court, affirming the existence of the foreign proceeding and of the appointment of the foreign representative, is attached.

❑ Other evidence of the existence of the foreign proceeding and of the appointment of the foreign representative is described below, and relevant documentation, translated into English, is attached.

_____

**7. Is this the only foreign proceeding with respect to the debtor known to the foreign representative(s)?**

❑ No. (Attach a statement identifying each country in which a foreign proceeding by, regarding, or against the debtor is pending.)

☒ Yes

| Debtor | Primus Telecommunications Canada, Inc. | Case number (if known) | |
|---|---|---|---|
| | Name | | |

**8. Others entitled to notice**

Attach a list containing the names and addresses of:

(i)   all persons or bodies authorized to administer foreign proceedings of the debtor,

(ii)  all parties to litigation pending in the United States in which the debtor is a party at the time of filing of this petition, and

(iii) all entities against whom provisional relief is being sought under § 1519 of the Bankruptcy Code.

**9. Addresses**

Country where the debtor has the center of its main interests:

Toronto, Ontario, Canada

Debtor's registered office:

5343 Dundas Street West, Suite 400
Number          Street

P.O. Box

Toronto          ON          M9B6K5
City          State/Province/Region          ZIP/Postal Code

Canada
Country

Individual debtor's habitual residence:

Number          Street

P.O. Box

City          State/Province/Region          ZIP/Postal Code

Country

Address of foreign representative(s):

79 Wellington Street West, Suite 2010
Number          Street

TD South Tower
P.O. Box

Toronto          ON          M4E 3N5
City          State/Province/Region          ZIP/Postal Code

Canada
Country

**10. Debtor's website (URL)**

www.primus.ca

**11. Type of debtor**

Check one:

☒ Non-individual (check one):

☒ Corporation. Attach a corporate ownership statement containing the information described in Fed. R. Bankr. P. 7007.1.

☐ Partnership

☐ Other. Specify: _____

☐ Individual

| Debtor | Primus Telecommunications Canada, Inc. | Case number (if known) | |
| | Name | | |

**12. Why is venue proper in *this district?***

Check one:

☒ Debtor's principal place of business or principal assets in the United States are in this district.

☐ Debtor does not have a place of business or assets in the United States, but the following action or proceeding in a federal or state court is pending against the debtor in this district:

_____

☐ If neither box is checked, venue is consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the foreign representative, because:

_____

**13. Signature of foreign representative(s)**

I request relief in accordance with chapter 15 of title 11, United States Code.

I am the foreign representative of a debtor in a foreign proceeding, the debtor is eligible for the relief sought in this petition, and I am authorized to file this petition.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

✗ _____
Signature of foreign representative

FTI Consulting Canada Inc, in its capacity as Monitor of
Primus Telecommunications Canada Inc
by Nigel D. Meakin, Senior Managing Director

Executed on   01/19/2016
MM /DD) YYYY

✗ _____
Signature of foreign representative

_____
Printed name

Executed on _____
MM /DD/ YYYY

**14. Signature of attorney**

✗ _____   Date   01/19/2016
Signature of Attorney for foreign representative          MM /DD /YYYY

Rafael X. Zahralddin
Printed name

Elliott Greenleaf, P.C.
Firm name

1105 N. Market Street, Suite 1700
Number      Street

Wilmington                          DE        19801
City                                State     ZIP Code

(302) 384-9400                      rxza@elliottgreenleaf.com
Contact phone                       Email address

4166                                DE
Bar number                          State

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS ___ DAY OF January 20 16
FAIT A TORONTO LE ___ JOUR DE

C. Irwin
REGISTRAR        Registrar GREFFIER

CV - 16 - 11257 - 00CL

Court File No.

**ONTARIO**

**SUPERIOR COURT OF JUSTICE**

**COMMERCIAL LIST**

| THE HONOURABLE MR. | ) | TUESDAY, THE 19th |
|---|---|---|
| | ) | |
| JUSTICE PENNY | ) | DAY OF JANUARY, 2016 |

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF PT HOLDCO, INC., PRIMUS TELECOMMUNICATIONS CANADA, INC., PTUS, INC., PRIMUS TELECOMMUNICATIONS, INC., AND LINGO, INC

**INITIAL ORDER**

THIS APPLICATION, made by PT Holdco, Inc. ("Holdco"), Primus Telecommunications Canada Inc. ("Primus Canada"), PTUS, Inc. ("PTUS"), Primus Telecommunications, Inc. ("PTI") and Lingo, Inc. ("Lingo", and together with PTUS, PTI, Holdco and Primus Canada, the "Applicants"), pursuant to the *Companies' Creditors Arrangement Act*, R.S.C. 1985, c. C-36, as amended (the "CCAA") was heard this day at 330 University Avenue, Toronto, Ontario.

ON READING the affidavit of Michael Nowlan sworn January 18, 2016 and the Exhibits thereto (the "Nowlan Affidavit"), the Pre-Filing Report of FTI Consulting Canada Inc., as proposed monitor, (the "Pre-Filing Report") and on being advised that the secured creditors who are likely to be affected by the charges created herein were given notice, and on hearing the submissions of counsel for the Applicants and the proposed Monitor, no one appearing for any other party although duly served as appears from the affidavit of service filed, and on reading the consent of FTI Consulting Canada Inc. to act as the Monitor,

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT,
ON FILE IN THIS OFFICE

DATED AT TORONTO THIS
FAIT À TORONTO LE

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT
CONSERVÉ DANS CE BUREAU

2

## SERVICE

1.     THIS COURT ORDERS that the time for service of the Notice of Application and the Application Record is hereby abridged and validated so that this Application is properly returnable today and hereby dispenses with further service thereof.

## APPLICATION

2.     THIS COURT ORDERS AND DECLARES that the Applicants are companies to which the CCAA applies.

## PLAN OF ARRANGEMENT

3.     THIS COURT ORDERS that the Applicants shall have the authority to file and may, subject to further order of this Court, file with this Court a plan of compromise or arrangement (hereinafter referred to as the "Plan").

## POSSESSION OF PROPERTY AND OPERATIONS

4.     THIS COURT ORDERS that the Applicants shall remain in possession and control of their current and future assets, undertakings and properties of every nature and kind whatsoever, and wherever situate including all proceeds thereof (the "Property"). Subject to further Order of this Court, the Applicants shall continue to carry on business in a manner consistent with the preservation of their business (the "Business") and Property. The Applicants are authorized and empowered to continue to retain and employ the employees, consultants, agents, experts, accountants, counsel and such other persons (collectively "Assistants") currently retained or employed by it, with liberty to retain such further Assistants as they deem reasonably necessary or desirable in the ordinary course of business or for the carrying out of the terms of this Order.

5.     THIS COURT ORDERS that the Applicants shall be entitled to continue to utilize the central cash management system currently in place as described in the Nowlan Affidavit or replace it with another substantially similar central cash management system (the "Cash Management System") and that any present or future bank providing the Cash Management System shall not be under any obligation whatsoever to inquire into the propriety, validity or legality of any transfer, payment, collection or other action taken under the Cash Management

System, or as to the use or application by the Applicants of funds transferred, paid, collected or otherwise dealt with in the Cash Management System, shall be entitled to provide the Cash Management System without any liability in respect thereof to any Person (as hereinafter defined) other than the Applicants, pursuant to the terms of the documentation applicable to the Cash Management System, and shall be, in its capacity as provider of the Cash Management System, an unaffected creditor under the Plan with regard to any claims or expenses it may suffer or incur in connection with the provision of the Cash Management System.

6.      **THIS COURT ORDERS** that the Applicants shall be entitled but not required to pay the following expenses whether incurred prior to or after this Order:

(a)     all outstanding and future wages, salaries, employee benefits (including, without limitation, any amounts relating to the provision of employee medical, dental and similar benefit plans or arrangements), vacation pay and expenses, and similar amounts owed to independent contractors, payable on or after the date of this Order, in each case incurred in the ordinary course of business and consistent with existing compensation policies and arrangements;

(b)     all outstanding and future insurance premiums (including property and casualty, group insurance policy, director and officers liability insurance, or other necessary insurance policy);

(c)     all outstanding or future amounts owing in respect of customer rebates, refunds, discounts or other amounts on account of similar customer programs or obligations other than any refunds arising as a result of termination or cancellation of customer agreement or services; and

(d)     the reasonable fees and disbursements of any Assistants retained or employed by the Applicants in respect of these proceedings, at their standard rates and charges.

7.      **THIS COURT ORDERS** that, except as otherwise provided to the contrary herein, the Applicants shall be entitled but not required to pay all reasonable expenses incurred by the Applicants in carrying on the Business in the ordinary course ___ ___ and in ___ out the provisions of this Order, which expenses shall include,

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS ___ DAY OF January 20 16
FAIT À TORONTO LE ___ JOUR DE

REGISTRAR                          GREFFIER

(a)   all expenses and capital expenditures reasonably necessary for the preservation of the Property or the Business including, without limitation, payments on account of insurance (including directors and officers insurance), maintenance and security services; and

(b)   payment for goods or services actually supplied to the Applicants following the date of this Order.

8.   **THIS COURT ORDERS** that the Applicants shall remit, in accordance with legal requirements, or pay:

(a)   any statutory deemed trust amounts in favour of the Crown in right of Canada or of any Province thereof or any other taxation authority which are required to be deducted from employees' wages, including, without limitation, amounts in respect of (i) employment insurance, (ii) Canada Pension Plan, (iii) Quebec Pension Plan, and (iv) income taxes;

(b)   all goods and services or other applicable sales taxes (collectively, "Sales Taxes") required to be remitted by the Applicants in connection with the sale of goods and services by the Applicants, but only where such Sales Taxes are accrued or collected after the date of this Order, or where such Sales Taxes were accrued or collected prior to the date of this Order but not required to be remitted until on or after the date of this Order; and



(c)   any amount payable to the Crown in right of Canada or of any Province thereof or any political subdivision thereof or any other taxation authority in respect of municipal realty, municipal business or other taxes, assessments or levies of any nature or kind which are entitled at law to be paid in priority to claims of secured creditors and which are attributable to or in respect of the carrying on of the Business by the Applicants.

9.   **THIS COURT ORDERS** that until a real property lease is disclaimed in accordance with the CCAA, the Applicants shall pay all amounts constituting rent or payable as rent under real property leases (including, for greater certainty, common area maintenance charges, utilities and realty taxes and any other amounts payable to the landlord under the lease) or as otherwise

may be negotiated between the Applicants and the landlord from time to time ("Rent"), for the period commencing from and including the date of this Order, twice-monthly in equal payments on the first and fifteenth day of each month, in advance (but not in arrears). On the date of the first of such payments, any Rent relating to the period commencing from and including the date of this Order shall also be paid.

10.     **THIS COURT ORDERS** that, except as specifically permitted herein, the Applicants are hereby directed, until further Order of this Court: (a) to make no payments of principal, interest thereon or otherwise on account of amounts owing by the Applicants to any of their creditors as of this date; (b) to grant no security interests, trust, liens, charges or encumbrances upon or in respect of any of their Property; and (c) to not grant credit or incur liabilities except in the ordinary course of the Business.

**RESTRUCTURING**

11.     **THIS COURT ORDERS** that the Applicants shall, subject to such requirements as are



required by the CCAA, have the right to:

      permanently or temporarily cease, downsize or shut down any of their business or operations, and to dispose of redundant or non-material assets not exceeding $100,000 in any one transaction or $1,000,000 in the aggregate.

(b)    terminate the employment of such of their employees or temporarily lay off such of their employees as they deem appropriate; and

      pursue all avenues of refinancing of their Business or Property, in whole or part, subject to prior approval of this Court being obtained before any material refinancing or sale,

all of the foregoing to permit the Applicants to proceed with an orderly restructuring of the Business (the "Restructuring").

12.     **THIS COURT ORDERS** that the Applicants shall provide each of the relevant landlords with notice of the Applicants' intention to remove any fixtures from any leased premises at least seven (7) days prior to the date of the intended removal. The relevant landlord shall be entitled to have a representative present in the leased premises to observe such removal and, if the

6

THIS IS TO CERTIFY THAT THIS DOCUMENT. EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE DATED AT TORONTO, THIS _____ DAY OF January 20 16 FAIT À TORONTO CE _____ JOUR DE _____

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

landlord disputes the Applicants' entitlement to remove any such fixture under the provisions of the lease, such fixture shall remain on the premises and shall be dealt with as agreed between any applicable secured creditors, such landlord and the Applicants or by further Order of this Court upon application by the Applicants on at least two (2) days notice to such landlord and any such secured creditors. If the Applicants disclaims the lease governing such leased premises in accordance with Section 32 of the CCAA, it shall not be required to pay Rent under such lease pending resolution of any such dispute (other than Rent payable for the notice period provided for in Section 32(5) of the CCAA), and the disclaimer of the lease shall be without prejudice to the Applicants' claim to the fixtures in dispute.

13.     **THIS COURT ORDERS** that if a notice of disclaimer is delivered pursuant to Section 32 of the CCAA, then (a) during the notice period prior to the effective time of the disclaimer, the landlord may show the affected leased premises to prospective tenants during normal business hours, on giving the Applicants and the Monitor 24 hours' prior written notice, and (b) at the effective time of the disclaimer, the relevant landlord shall be entitled to take possession of any such leased premises without waiver of or prejudice to any claims or rights such landlord may have against the Applicants in respect of such lease or leased premises, provided that nothing herein shall relieve such landlord of its obligation to mitigate any damages claimed in connection therewith.

**NO PROCEEDINGS AGAINST THE APPLICANTS OR THE PROPERTY**

14.     **THIS COURT ORDERS** that until and including February 18, 2016, or such later date as this Court may order (the "Stay Period"), no proceeding or enforcement process in any court or tribunal (each, a "Proceeding") shall be commenced or continued against or in respect of the Applicants or the Monitor, or affecting the Business or the Property, except with the written consent of the Applicants and the Monitor, or with leave of this Court, and any and all Proceedings currently under way against or in respect of the Applicants or affecting the Business or the Property are hereby stayed and suspended pending further Order of this Court.

**NO EXERCISE OF RIGHTS OR REMEDIES**

15.     **THIS COURT ORDERS** that during the Stay Period, all rights and remedies of any individual, firm, corporation, governmental body or agency, or any other entities (all of the

foregoing, collectively being "Persons" and each being a "Person") against or in respect of the Applicants or the Monitor, or affecting the Business or the Property, are hereby stayed and suspended except with the written consent of the Applicants and the Monitor, or leave of this Court, provided that nothing in this Order shall (i) empower the Applicants to carry on any business which the Applicants are not lawfully entitled to carry on, (ii) affect such investigations, actions, suits or proceedings by a regulatory body as are permitted by Section 11.1 of the CCAA, (iii) prevent the filing of any registration to preserve or perfect a security interest, or (iv) prevent the registration of a claim for lien.

## NO INTERFERENCE WITH RIGHTS

16.    THIS COURT ORDERS that during the Stay Period, no Person shall discontinue, fail to honour, alter, interfere with, repudiate, terminate or cease to perform any right, renewal right, contract, agreement, licence or permit in favour of or held by the Applicants, except with the written consent of the Applicants and the Monitor, or leave of this Court.

## CONTINUATION OF SERVICES

17.    THIS COURT ORDERS that during the Stay Period, all Persons having oral or written agreements with the Applicants or statutory or regulatory mandates for the supply of goods and/or services, including without limitation all computer software, communication and other data services, centralized banking services, payroll services, insurance, transportation services, credit card services provided by Chase Paymentech Solutions, Inc. or other credit card processors, utility or other services to the Business or the Applicants, are hereby restrained until further Order of this Court from discontinuing, altering, interfering with or terminating the supply of such goods or services as may be required by the Applicants, and that the Applicants shall be entitled to the continued use of their current premises, telephone numbers, facsimile numbers, internet addresses and domain names, provided in each case that the normal prices or charges for all such goods or services received after the date of this Order are paid by the Applicants without having to provide any security deposit or any other security in accordance with normal payment practices of the Applicants or such other practices as may be agreed upon by the supplier or service provider and each of the Applicants and the Monitor, or as may be ordered by this Court.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE.

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU.

DATED AT TORONTO THIS
FAIT À TORONTO LE                 DAY OF
                                 JOUR DE            20

REGISTRAR                        GREFFIER

8

## NON-DEROGATION OF RIGHTS

18.    **THIS COURT ORDERS** that, notwithstanding anything else in this Order, no Person shall be prohibited from requiring immediate payment for goods, services, use of lease or licensed property or other valuable consideration provided on or after the date of this Order, nor shall any Person be under any obligation on or after the date of this Order to advance or re-advance any monies or otherwise extend any credit to the Applicants. Nothing in this Order shall derogate from the rights conferred and obligations imposed by the CCAA.

## PROCEEDINGS AGAINST DIRECTORS AND OFFICERS

19.    **THIS COURT ORDERS** that during the Stay Period, and except as permitted by subsection 11.03(2) of the CCAA, no Proceeding may be commenced or continued against any of the former, current or future directors or officers of the Applicants with respect to any claim against the directors or officers that arose before the date hereof and that relates to any obligations of the Applicants whereby the directors or officers are alleged under any law to be liable in their capacity as directors or officers for the payment or performance of such obligations, until a compromise or arrangement in respect of the Applicants, if one is filed, is sanctioned by this Court or is refused by the creditors of the Applicants or this Court.

## DIRECTORS' AND OFFICERS' INDEMNIFICATION AND CHARGE

20.    **THIS COURT ORDERS** that the Applicants shall indemnify their directors and officers against obligations and liabilities that they may incur as directors or officers of the Applicants after the commencement of the within proceedings, except to the extent that, with respect to any officer or director, the obligation or liability was incurred as a result of the director's or officer's gross negligence or wilful misconduct.

21.    **THIS COURT ORDERS** that the directors and officers of the Applicants shall be entitled to the benefit of and are hereby granted a charge (the "D&O Charge") on the Property, which charge shall not exceed an aggregate amount of $3.1 million, as security for the indemnity provided in paragraph 20 of this Order. The D&O Charge shall have the priority set out in paragraphs 32 and 34 herein.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS   DAY OF   January   20
FAIT À TORONTO LE   JOUR DE

REGISTRAR   GREFFIER

22.     THIS COURT ORDERS that, notwithstanding any language in any applicable insurance policy to the contrary, (a) no insurer shall be entitled to be subrogated to or claim the benefit of the D&O Charge, and (b) the Applicants' directors and officers shall only be entitled to the benefit of the D&O Charge to the extent that they do not have coverage under any directors' and officers' insurance policy, or to the extent that such coverage is insufficient to pay amounts indemnified in accordance with paragraph 20 of this Order.

## APPOINTMENT OF MONITOR

23.     THIS COURT ORDERS that FTI Consulting Canada Inc. is hereby appointed pursuant to the CCAA as the Monitor, an officer of this Court, to monitor the business and financial affairs of the Applicants with the powers and obligations set out in the CCAA or set forth herein and that the Applicants and their shareholders, officers, directors, and Assistants shall advise the Monitor of all material steps taken by the Applicants pursuant to this Order, and shall co-operate fully with the Monitor in the exercise of their powers and discharge of its obligations and provide the Monitor with the assistance that is necessary to enable the Monitor to adequately carry out the Monitor's functions.

24.     THIS COURT ORDERS that the Monitor, in addition to its prescribed rights and obligations under the CCAA, is hereby directed and empowered to:

(a)     monitor the Applicants' receipts and disbursements;

(b)     liase with Assistants, to the extent required, with respect to all matters relating to the Property, the Business and such other matters as may be relevant to the proceedings herein;

(c)     report to this Court at such times and intervals as the Monitor may deem appropriate with respect to matters relating to the Property, the Business, and such other matters as may be relevant to the proceedings herein;

(d)     advise the Applicants in their preparation of the Applicants' cash flow statements;

(e)     advise the Applicants in their development of the Plan and any amendments to the Plan;

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS         DAY OF
FAIT À TORONTO LE              JOUR DE

(f) assist the Applicants, to the extent required by the Applicants, with the holding and administering of creditors' or shareholders' meetings for voting on the Plan;

(g) have full and complete access to the Property, including the premises, books, records, data, including data in electronic form, and other financial documents of the Applicants, to the extent that is necessary to adequately assess the Applicants' business and financial affairs or to perform its duties arising under this Order;

assist the Applicants, to the extent required by the Applicants, with their restructuring activities and/or any sale of the Property and the Business or any part thereof;

be at liberty to engage independent legal counsel or such other persons as the Monitor deems necessary or advisable respecting the exercise of its powers and performance of its obligations under this Order;

hold and administer funds in accordance with arrangements among any of the Applicants, any Person and the Monitor, or by Order of this Court; and

(k) perform such other duties as are required by this Order or by this Court from time to time.

25. **THIS COURT ORDERS** that the Monitor shall not take possession of the Property and shall take no part whatsoever in the management or supervision of the management of the Business and shall not, by fulfilling its obligations hereunder, be deemed to have taken or maintained possession or control of the Business or Property, or any part thereof.

26. **THIS COURT ORDERS** that nothing herein contained shall require the Monitor to occupy or to take control, care, charge, possession or management (separately and/or collectively, "Possession") of any of the Property that might be environmentally contaminated, might be a pollutant or a contaminant, or might cause or contribute to a spill, discharge, release or deposit of a substance contrary to any federal, provincial or other law respecting the protection, conservation, enhancement, remediation or rehabilitation of the environment or relating to the disposal of waste or other contamination including, without limitation, the *Canadian Environmental Protection Act*, the Ontario *Environmental Protection Act*, the *Ontario*



11

*Water Resources Act*, or the Ontario *Occupational Health and Safety Act* and regulations thereunder (the "Environmental Legislation"), provided however that nothing herein shall exempt the Monitor from any duty to report or make disclosure imposed by applicable Environmental Legislation. The Monitor shall not, as a result of this Order or anything done in pursuance of the Monitor's duties and powers under this Order, be deemed to be in Possession of any of the Property within the meaning of any Environmental Legislation, unless it is actually in possession.

27.     **THIS COURT ORDERS** that that the Monitor shall provide any creditor of the Applicants with information provided by the Applicants in response to reasonable requests for information made in writing by such creditor addressed to the Monitor. The Monitor shall not have any responsibility or liability with respect to the information disseminated by it pursuant to this paragraph. In the case of information that the Monitor has been advised by the Applicants are confidential, the Monitor shall not provide such information to creditors unless otherwise directed by this Court or on such terms as the Monitor and the Applicants may agree.

28.     **THIS COURT ORDERS** that, in addition to the rights and protections afforded the Monitor under the CCAA or as an officer of this Court, the Monitor shall incur no liability or obligation as a result of its appointment or the carrying out of the provisions of this Order, including for greater certainty in the Monitor's capacity as "foreign representative", save and except for any gross negligence or wilful misconduct on its part. Nothing in this Order shall derogate from the protections afforded the Monitor by the CCAA or any applicable legislation.

29.     **THIS COURT ORDERS** that the Monitor, counsel to the Monitor and counsel to the Applicants shall be paid their reasonable fees and disbursements, in each case at their standard rates and charges, whether incurred prior to or subsequent to the date of this Order, by the Applicants as part of the costs of these proceedings. The Applicants are hereby authorized and directed to pay the accounts of the Monitor, counsel for the Monitor and counsel for the Applicants on a weekly basis and, in addition, the Applicants are hereby authorized to pay to the Monitor, counsel to the Monitor, and counsel to the Applicants, retainers in the amounts of $1,000,000 to be held by them as security for payment of their respective fees and disbursements outstanding from time to time.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS _____ DAY OF _January_ 20 _16_
FAIT À TORONTO LE _____ JOUR DE

REGISTRAR                    GREFFIER

THIS IS TO CERTIFY THAT THIS          LA PRESENT ATTEST QUE CE
DOCUMENT, EACH PAGE OF             DOCUMENT, DONT CHACUNE
WHICH IS STAMPED WITH THE          DES PAGES EST REVETUE DU
SEAL OF THE SUPERIOR COURT         SCEAU DE LA COUR SUPÉRIEURE
OF JUSTICE AT TORONTO, IS A         DE JUSTICE A TORONTO, EST UNE
TRUE COPY OF THE DOCUMENT          COPIE CONFORME DU DOCUMENT
ON FILE IN THIS OFFICE             CONSERVÉ DANS CE BUREAU
DATED AT TORONTO THIS              FAIT À TORONTO LE          JOUR DE

30.    **THIS COURT ORDERS** that the Monitor and its legal counsel shall pass their accounts from time to time, and for this purpose the accounts of the Monitor and their legal counsel are hereby referred to a judge of the Commercial List of the Ontario Superior Court of Justice.

31.    **THIS COURT ORDERS** that the Monitor, Canadian and US counsel to the Monitor, and the Applicants' Canadian and US counsel shall be entitled to the benefit of and are hereby granted a charge (the "**Administration Charge**") on the Property, which charge shall not exceed an aggregate amount of $1,000,000, as security for their professional fees and disbursements incurred at the standard rates and charges of the Monitor and such counsel, both before and after the making of this Order in respect of these proceedings. The Administration Charge shall have the priority set out in paragraphs 32 and 34 herein.

## VALIDITY AND PRIORITY OF CHARGES CREATED BY THIS ORDER

32.    **THIS COURT ORDERS** that the priorities of the Administration Charge and the D&O Charge, as among them, shall be as follows:

> First – Administration Charge (to the maximum amount of $1,000,000); and
>
> Second – D&O Charge (to the maximum amount of $3,100,000).

33.    **THIS COURT ORDERS** that the filing, registration or perfection of the Administration Charge and the D&O Charge (collectively, the "Charges") shall not be required, and that the Charges shall be valid and enforceable for all purposes, including as against any right, title or interest filed, registered, recorded or perfected subsequent to the Charges coming into existence, notwithstanding any such failure to file, register, record or perfect.

34.    **THIS COURT ORDERS** that each of the Administration Charge and the D&O Charge (all as constituted and defined herein) shall constitute a charge on the Property and such Charges shall rank in priority to all other security interests, trusts, liens, charges and encumbrances, claims of secured creditors, statutory or otherwise (collectively, "Encumbrances") in favour of any Person that has not been served with notice of this order.

35.    **THIS COURT ORDERS** that except as otherwise expressly provided for herein, or as may be approved by this Court, the Applicants shall not grant any Encumbrances over any Property that rank in priority to, or *pari passu* with, any of the Charges, unless the Applicants

also obtain the prior written consent of the Monitor, and the beneficiaries of the Administration Charge or the D&O Charge, as applicable, or further Order of this Court.

36.     **THIS COURT ORDERS** that the Administration Charge and the D&O Charge shall not be rendered invalid or unenforceable and the rights and remedies of the chargees entitled to the benefit of the Charges (collectively, the "Chargees") thereunder shall not otherwise be limited or impaired in any way by (a) the pendency of these proceedings and the declarations of insolvency made herein; (b) any application(s) for bankruptcy order(s) issued pursuant to BIA, or any bankruptcy order made pursuant to such applications; (c) the filing of any assignments for the general benefit of creditors made pursuant to the BIA; (d) the provisions of any federal or provincial statutes; or (e) any negative covenants, prohibitions or other similar provisions with respect to borrowings, incurring debt or the creation of Encumbrances, contained in any existing loan documents, lease, sublease, offer to lease or other agreement (collectively, an "Agreement") which binds the Applicants, and notwithstanding any provision to the contrary in any Agreement:

(a)     the creation of the Charges shall not create or be deemed to constitute a breach by the Applicants of any Agreement to which it is a party;

(b)     none of the Chargees shall have any liability to any Person whatsoever as a result of any breach of any Agreement caused by or resulting from the creation of the Charges; and

(c)     the payments made by the Applicants pursuant to this Order, , and the granting of the Charges, do not and will not constitute preferences, fraudulent conveyances, transfers at undervalue, oppressive conduct, or other challengeable or voidable transactions under any applicable law.

37.     **THIS COURT ORDERS** that any Charge created by this Order over leases of real property in Canada shall only be a Charge in the Applicants' interest in such real property leases.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS ___ DAY OF January 20 16
FAIT À TORONTO LE ___ JOUR DE

REGISTRAR                    GREFFIER

14

## CHAPTER 15 PROCEEDINGS

38.    **THIS COURT ORDERS** that the Monitor is hereby authorized and empowered, but not required, to act as the foreign representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside of Canada including, if deemed advisable by the Monitor, to apply for recognition of these proceedings in the United States pursuant to Chapter 15 of Title 11 of the United States Code, 11 U.S.C. §§ 101- 1532 and to take such other steps as may be authorized by the Court and any ancillary relief in respect thereto.

## SERVICE AND NOTICE

39.    **THIS COURT ORDERS** that the Monitor shall (i) without delay, publish in the Globe & Mail (National Edition) a notice containing the information prescribed under the CCAA, (ii) within five days after the date of this Order, (A) make this Order publicly available in the manner prescribed under the CCAA, (B) send, in the prescribed manner, a notice to every known creditor who has a claim against the Applicants of more than $1000, and (C) prepare a list showing the names and addresses of those creditors and the estimated amounts of those claims, and make it publicly available in the prescribed manner (provided that the list shall not include the names, addresses or estimated amounts of the claims of those creditors who are individuals or any personal information in respect of an individual), all in accordance with Section 23(1)(a) of the CCAA and the regulations made thereunder.

40.    **THIS COURT ORDERS** that the E-Service Protocol of the Commercial List (the "Protocol") is approved and adopted by reference herein and, in this proceeding, the service of documents made in accordance with the Protocol (which can be found on the Commercial List website at http://www.ontariocourts.ca/scj/practice/practice-directions/toronto/e-service-protocol/) shall be valid and effective service. Subject to Rule 17.05 this Order shall constitute an order for substituted service pursuant to Rule 16.04 of the Rules of Civil Procedure. Subject to Rule 3.01(d) of the Rules of Civil Procedure and paragraph 21 of the Protocol, service of documents in accordance with the Protocol will be effective on transmission. This Court further orders that a Case Website shall be established in accordance with the Protocol with the following URL 'http://cfcanada.fticonsulting.com/primus'.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

LA PRESENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVETUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE A TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

DATED AT TORONTO THIS           DAY OF January 20 16
FAIT À TORONTO LE           JOUR DE

REGISTRAR                    GREFFIER

THIS IS TO CERTIFY THAT THIS
DOCUMENT, EACH PAGE OF
WHICH IS STAMPED WITH THE
SEAL OF THE SUPERIOR COURT
OF JUSTICE AT TORONTO, IS A
TRUE COPY OF THE DOCUMENT

LA PRÉSENT ATTEST QUE CE
DOCUMENT, DONT CHACUNE
DES PAGES EST REVÊTUE DU
SCEAU DE LA COUR SUPÉRIEURE
DE JUSTICE A TORONTO, EST UNE
COPIE CONFORME DU DOCUMENT

41.    **THIS COURT ORDERS** that if the service or distribution of materials in accordance
with the Protocol is not practicable, the Applicants and the Monitor be at liberty to serve this
Order, any other materials and orders in these proceedings, any notices or other
correspondence, by forwarding true copies thereof by prepaid ordinary mail, courier, personal
delivery or electronic transmission to the Applicants' creditors or other interested parties at
their respective addresses as last shown on the records of the Applicants and that any such
service or notice by courier, personal delivery or electronic transmission shall be deemed to be
received on the next business day following the date of forwarding thereof, or if sent by
ordinary mail, on the third business day after mailing.

**GENERAL**

42.    **THIS COURT ORDERS** that the Applicants or the Monitor may from time to time
apply to this Court for advice and directions in the discharge of their powers and duties
hereunder.

43.    **THIS COURT ORDERS** that nothing in this Order shall prevent the Monitor from
acting as an interim receiver, a receiver, a receiver and manager, or a trustee in bankruptcy of
the Applicants, the Business or the Property.

44.    **THIS COURT HEREBY REQUESTS** the aid and recognition of any court, tribunal,
regulatory or administrative body having jurisdiction in Canada or in the United States, to give
effect to this Order and to assist the Applicants, the Monitor and their respective agents in
carrying out the terms of this Order.  All courts, tribunals, regulatory and administrative bodies
are hereby respectfully requested to make such orders and to provide such assistance to the
Applicants and to the Monitor, as an officer of this Court, as may be necessary or desirable to
give effect to this Order, to grant representative status to the Monitor in any foreign proceeding,
or to assist the Applicants and the Monitor and their respective agents in carrying out the terms
of this Order.

45.    **THIS COURT ORDERS** that each of the Applicants and the Monitor be at liberty and is
hereby authorized and empowered to apply to any court, tribunal, regulatory or administrative
body, wherever located, for the recognition of this Order and for assistance in carrying out the
terms of this Order, and that the Monitor is authorized and empowered to act as a

representative in respect of the within proceedings for the purpose of having these proceedings recognized in a jurisdiction outside Canada.

46.    THIS COURT ORDERS that any interested party (including the Applicants and the Monitor) may apply to this Court to vary or amend this Order on not less than seven (7) days' notice to any other party or parties likely to be affected by the order sought or upon such other notice, if any, as this Court may order.

47.    THIS COURT ORDERS that this Order and all of its provisions are effective as of 12:01 a.m. Eastern Standard/Daylight Time on the date of this Order.

THIS IS TO CERTIFY THAT THIS DOCUMENT, EACH PAGE OF WHICH IS STAMPED WITH THE SEAL OF THE SUPERIOR COURT OF JUSTICE AT TORONTO, IS A TRUE COPY OF THE DOCUMENT ON FILE IN THIS OFFICE

DATED AT TORONTO THIS ___ DAY OF January 20 16
FAIT À TORONTO LE ___ JOUR DE

REGISTRAR

LA PRÉSENT ATTEST QUE CE DOCUMENT, DONT CHACUNE DES PAGES EST REVÊTUE DU SCEAU DE LA COUR SUPÉRIEURE DE JUSTICE À TORONTO, EST UNE COPIE CONFORME DU DOCUMENT CONSERVÉ DANS CE BUREAU

GREFFIER

ENTERED AT / INSCRIT À TORONTO
ON / BOOK NO:
LE / DANS LE REGISTRE NO.:

JAN 1 9 2016

Court File No: CV-16-11257-00CL

IN THE MATTER OF THE *COMPANIES' CREDITORS ARRANGEMENT ACT*, R.S.C. 1985, c. C-36, AS AMENDED

AND IN THE MATTER OF A PLAN OF COMPROMISE OR ARRANGEMENT OF PT HOLDCO, INC., PRIMUS TELECOMMUNICATIONS CANADA, INC., PTUS, INC., PRIMUS TELECOMMUNICATIONS, INC., AND LINGO, INC.

*ONTARIO*
SUPERIOR COURT OF JUSTICE
COMMERCIAL LIST

Proceeding commenced at Toronto

INITIAL ORDER

STIKEMAN ELLIOTT LLP
Barristers & Solicitors
5300 Commerce Court West
199 Bay Street
Toronto, Canada  M5L 1B9
Maria Konyukhova LSUC#: 52880V
Tel: (416) 869-5230
Email: mkonyukhova@stikeman.com
Kathryn Esaw LSUC#: 58264F
Tel: (416) 869-6820
Email: kesaw@stikeman.com
Vlad Calina LSUC#: 69072W
Tel: (416) 869-5202
Email: vcalina@stikeman.com
Fax: (416) 947-0866

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 15 |
| PT HOLDCO, INC., *et al.*,[1] | ) |
| | ) Case No. 16-          (     ) |
| | ) |
| Debtors in a Foreign Proceeding. | ) (Joint Administration Requested) |
| | ) |

### LIST FILED PURSUANT TO BANKRUPTCY RULE 1007(a)(4)

FTI Consulting Canada Inc. ("FTI" or the "Monitor"), the court-appointed monitor and duly authorized foreign representative for PT Holdco, Inc., PTUS, Inc. Primus Telecommunications, Inc., Lingo, Inc., and Primus Telecommunications Canada Inc. (collectively, the "Debtors") in Canadian insolvency proceedings pending in Ontario, Canada (the "Canadian Proceeding")[2], hereby files this list pursuant to Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure and states as follows:

1.   **Parties Authorized to Administer Foreign Proceedings of the Debtors:**

> FTI is the court-appointed monitor and duly authorized foreign representative for the Debtors in the Canadian Proceedings pending in Ontario, Canada. The Monitor believes that, other than the Canadian Proceedings and these chapter 15 cases, there are no foreign proceedings pending with respect to any member of the Debtors.

2.   **Litigation Parties in the United States:**

---

[1] The last four digits of the Employer Identification Number or Canadian Business Number, as appropriate, for each debtor follow in parentheses: PT Holdco, Inc. (3731), PTUS, Inc. (0542), Primus Telecommunications, Inc. (4563), Lingo, Inc. (7778), and Primus Telecommunications Canada, Inc. (5618).

[2] The Monitor was appointed as monitor of the Debtors pursuant to provisions of Canada's Companies' Creditors Arrangement Act (the "CCAA"), R.S.C. 1985, c. C-36, the statute under which the Debtors have been granted relief from creditors. An initial order was entered on January 19, 2016 in the Ontario Superior Court of Justice by the Honourable Mr. Justice Penny, Court File No. CV-16-11257-OOCL, In the Matter of a Plan of Compromise or Arrangement of PT Holdco, Inc., Primus Telecommunications Canada Inc., PTUS, Inc. Primus Telecommunications, Inc., and Lingo, Inc. ("Initial Order").

The Debtors have investigated the status of litigation with the Debtors and confirmed that no litigation is currently pending in the United States.

3. **Entities Against Whom Provisional Relief is Sought Under 11 U.S.C. § 1519:**
As set forth in the Monitor's Emergency Motion for Temporary Restraining Order, and After Notice and Hearing, a Preliminary Injunction, Pursuant to Bankruptcy Code Sections 105(a), 362, 1507, 1519, and 1521 filed contemporaneously herewith, the administrators seek the general application of sections 362 and 365 of the Bankruptcy Code on a provisional basis.

Dated: January 19, 2016
      Wilmington, Delaware

ELLIOTT GREENLEAF, P.C.

Rafael X. Zahralddin-Aravena (DE No. 4166)
Shelley A. Kinsella (DE No. 4023)
Kate Harmon (DE No. 5343)
1105 N. Market St., Ste. 1700
Wilmington, DE 19801
Telephone:    (302) 384-9400
Facsimile:    (302) 384-9399
Email:    rxza@elliottgreenleaf.com
Email:    sak@elliottgreenleaf.com
Email:    khh@elliottgreenleaf.com

*Attorneys for the Monitor*

2

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 15 |
| PT HOLDCO, INC., *et al.*,[1] | ) |
|  | ) Case No. 16-            (      ) |
|  | ) |
| Debtors in a Foreign Proceeding. | ) (Joint Administration Requested) |
|  | ) |

## CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULES 1007(a)(4) AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

FTI Consulting Canada Inc. (the "Monitor") is the court-appointed monitor and duly authorized foreign representative for PT Holdco, Inc. ("Holdco"), PTUS, Inc. ("PTUS"), Primus Telecommunications, Inc. ("PTI"), Lingo, Inc. ("Lingo"), and Primus Telecommunications Canada Inc. ("Primus Canada") (collectively, the "Debtors") in Canadian insolvency proceedings pending in Ontario, Canada.[2]

The Monitor hereby files this Corporate Ownership Statement pursuant to Rules 1007(a)(4) and 7007.1 of the Federal Rules of Bankruptcy Procedure and states that it has been advised that the following entities own 10% or more of any class of the equity interests of any of

---

[1] The last four digits of the Employer Identification Number or Canadian Business Number, as appropriate, for each debtor follow in parentheses: PT Holdco, Inc. (3731), PTUS, Inc. (0542), Primus Telecommunications, Inc. (4563), Lingo, Inc. (7778), and Primus Telecommunications Canada, Inc. (5618).

[2] The Monitor was appointed as monitor of the Debtors pursuant to provisions of Canada's Companies' Creditors Arrangement Act (the "CCAA"), R.S.C. 1985, c. C-36, the statute under which the Debtors have been granted relief from creditors.  An initial order was entered on January 19, 2016 in the Ontario Superior Court of Justice by the Honourable Mr. Justice Penny, Court File No. CV-16-11257-OOCL, In the Matter of a Plan of Compromise or Arrangement of PT Holdco, Inc., Primus Telecommunications Canada Inc., PTUS, Inc. Primus Telecommunications, Inc., and Lingo, Inc. ("Initial Order").

the Debtors, as set forth below:

| Entity / Debtor | Ownership / Percentage |
|---|---|
| Holdco | PT Investor, L.P.  87% |
| Primus Telecommunications Canada, Inc. | Holdco 100% |
| PTUS | Holdco 100% |
| PTI | PTUS 100% |
| Lingo | PTUS 100% |

Dated: January 19, 2016        ELLIOTT GREENLEAF, P.C.
      Wilmington, Delaware

Rafael X. Zahralddin-Aravena (DE No. 4166)
Shelley A. Kinsella (DE No. 4023)
Kate Harmon (DE NO. 5343)
1105 N. Market St., Ste. 1700
Wilmington, DE  19801
Telephone:    (302) 384-9400
Facsimile:    (302) 384-9399
Email:       rxza@elliottgreenleaf.com
Email:       sak@elliottgreenleaf.com
Email:       khh@elliottgreenleaf.com

*Attorneys for the Monitor*

2